(158 App. Div. 465.)

## In re GOODMAN.

(Supreme Court, Appellate Division, First Department.　October 10, 1913.)

1. ATTORNEY AND CLIENT (§ 42*)—OFFICE OF ATTORNEY—NATURE OF OFFICE.

An attorney is an officer of the court, and as such it is his duty to aid, not obstruct, the administration of justice.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 54; Dec. Dig. § 42.*]

2. ATTORNEY AND CLIENT (§ 42*) — OFFICE OF ATTORNEY — DISBARMENT — GROUNDS—DECEPTION OF COURT.

Under Judiciary Law (Consol. Laws 1909, c. 30) § 88, making deceit ground for disbarment, where, immediately after the suspension of an attorney for professional misconduct had expired, he attempted to deceive the court by stating that there would be no doubt about the case on trial if a certain witness could be procured, knowing such witness could be produced and would be of no assistance, he should be disbarred, though the decision was not influenced thereby.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 54; Dec. Dig. § 42.*]

Proceedings for the disbarment of Elias B. Goodman, an attorney, on charges of professional misconduct presented by the Association of the Bar of the City of New York.　Respondent disbarred.

See, also, 155 App. Div. 898, 140 N. Y. Supp. 1121.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

John Neville Boyle, of New York City, for petitioner.

Elias B. Goodman, of New York City, in pro per.

INGRAHAM, P. J.　[1] The respondent was suspended from practice January 11, 1910, for two years for professional misconduct. 135 App. Div. 594, 120 N. Y. Supp. 801.　His suspension terminated on January 11, 1912.　On July 17, 1912, he appeared before the Court of Special Sessions as counsel for the defendant in a bastardy proceeding.　The respondent called the defendant as a witness, who in answer to respondent's question testified as to his efforts to obtain the attendance of one Atwood Violet as a witness, and that he was informed that he was in Connecticut at school, and also of another witness. After the conclusion of defendant's examination the court asked the respondent, "Is that your case, Mr. Goodman?" to which respondent replied, "If we could produce the two boys here, there would be no doubt of the case."　The court there found that the defendant was not the father of the child and dismissed the complaint.　It now appears that the respondent had had an interview with this Atwood Violet on the day before, and on the morning of the trial, and had ascertained that Violet would give no evidence that could be of use to the defendant, and said he would not call him, that respondent could have produced the witness at the trial had he desired, and that his statement to the court was misleading.　The judges of the court testified that the statement of the respondent did not influence the decision of the case; but it is clear that the respondent, by his examination of his

---

client and his observation that the production of the witnesses would remove any doubt about the case, intended to deceive the court and influence its decision. The defendant could have produced Violet, and he knew that his testimony could have been of no assistance in clearing up any doubt as to the question at issue, yet he allowed his client, in answer to his question, to testify that he could not find the witness; that he had been informed that the witness was at school in Connecticut; and respondent made the statement to the court that if defendant could produce the witnesses there would be no doubt about the case.

[2] The respondent was an officer of the court, and it was his duty to aid, not obstruct, the administration of justice. That he did not succeed in deceiving the court, or that his statement had no effect on the decision of the case then under investigation, is not material. We strongly condemn such practice as unprofessional and "prejudicial to the administration of justice." Judiciary Law (Consol. Laws 1909, c. 30) § 88.

We also wish to condemn the conduct of the respondent before the referee as unprofessional and improper. The conduct of the respondent, both before the Court of Special Sessions and before the referee, with the facts presented in the former proceeding when he was suspended from practice and the fact that immediately after his suspension expired he made a deliberate attempt to deceive the court, satisfies us that the respondent is not a proper person to remain a member of the profession, and he is therefore disbarred. All concur.